BELL v. PFADENHAUER et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. PRINCIPAL AND SURETY—CONTRACT—ACTION—PARTIES.
    Under Code Civ. Proc. § 454, providing that two or more persons severally liable on the same written instrument may all or any of them be included as defendants in the same action on the instrument at plaintiff's option, where defendants and M., as co-partners, obtained title to land on which plaintiff held a lien, and defendants agreed in writing to pay a balance due under said lien providing M. did not pay a note she had executed for such balance within 30 days, which note was dishonored at maturity, M. was not a necessary party to an action on the written agreement.

2. SAME—COMPLAINT—CONDITIONS PRECEDENT.
    Where defendants agreed in writing to pay a balance due plaintiff on a judgment which constituted a lien on land acquired by defendants and M. providing M. did not pay a note executed by her for such balance in 30 days, and in consideration that plaintiff execute to defendant an assignment of the original judgment, the complaint was not defective because it did not allege the execution of the assignment, since it was not a condition precedent to recovery.

Appeal from Kings county court.

Action by Harry W. Bell against John Pfadenhauer and another. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Thomas C. Whitlock, for appellants.
M. Charles Foley, for respondent.

PER CURIAM. Stated as concisely as possible, the contents of the amended complaint may be summarized as follows: The plaintiff recovered a judgment against Elka Wiedhopf for $175.93. This judgment became a lien on certain Brooklyn real estate. The title to such real estate was taken by the defendants and one Lena Muller, to whom it was conveyed under the firm name of Pfadenhauer, Muller & Co., who thereupon assumed the debts owed by Elka Wiedhopf "as by reference to the record of said conveyance when produced will more fully and at large appear." The firm of Pfadenhauer, Muller & Co. was dissolved. Pursuant to an agreement with the defendants, the plaintiff's judgment was compromised at $150, and the defendants paid to the plaintiff $75 on account thereof, leaving $75 due and unpaid. The defendants, as co-partners, by a signed instrument in writing, agreed to pay this balance of $75, as follows: "That if a certain promissory note for said sum to be given by said Lena R. Muller to said plaintiff was not paid by her

64 N.Y.S.—62

in thirty days from its date, that they would pay the same in con-
sideration of value to them and assignment of said original judg-
ment to be given to them by plaintiff." In pursuance of this agree-
ment Lena R. Muller made and delivered to the plaintiff her note
for $75, payable in 30 days, but it was dishonored at maturity, and
this note remains unpaid, although payment of the same was duly
demanded before the commencement of the present action. From
the memorandum filed by the learned county judge, who overruled
the demurrer, it is apparent that he regarded the agreement of Pfa-
denhauer, Muller & Co. to assume the debts of Elka Wiedhopf as
the gravamen of the action. He evidently deemed the reference
to the record of the conveyance to Pfadenhauer, Muller & Co. as a
sufficient allegation that this agreement of assumption was in writ-
ing, and, if so, the defendant Lena R. Muller, one of the persons
severally liable upon it, was not a necessary party defendant. Code
Civ. Proc. § 454. Upon the present appeal, however, the defendants
insist upon an entirely different construction of the complaint from
that put upon it in the court below. It is argued in their behalf
that the plain purpose of the suit is to enforce not the agreement of
Pfadenhauer, Muller & Co. to pay Elka Wiedhopf's debts, but the
agreement of the defendant to pay the balance of $75 still due in the
event that Lena R. Muller's note for that amount should not be paid
at maturity. The latter agreement stated in terms that it was
made in consideration of value to the defendants and the assign-
ment of the original judgment to be given to them by the plaintiff,
and they insist that the assignment of the judgment was a condi-
tion precedent to the payment of the $75 on their part, and that the
complaint is fatally defective because it does not allege that this
condition precedent has been performed. The appellants are prob-
ably correct as the intent of the pleader. The affidavit of the per-
son who verifies the complaint expressly declares that the action is
founded upon a written instrument for the payment of money only.
But, even if this be so, it does not follow that the plaintiff was
bound to assign the judgment to the defendants before they com-
plied with the terms of their contract by which they undertook to
pay the balance of $75. The indebtedness to the plaintiff had been
assumed by a firm of three persons. The defendants were two of
those persons. By a compromise between them and the plaintiff
the amount of the plaintiff's claim was reduced to $150. The de-
fendants paid half of this amount, and agreed to pay the other half
if Lena R. Muller, the other member of the former co-partnership
of three persons by which the indebtedness was assumed, did not
pay it herself by means of her promissory note. She did not pay
it, and hence the defendants are liable, unless the statement in their
agreement to pay to the effect that they would do so in considera-
tion of value and the assignment of the original judgment imported
an obligation on the plaintiff's part to give the defendants the as-
signment before they paid him the balance due. We do not think
this was required by the terms of the contract as stated in the
amended complaint. The plaintiff, by means of the judgment, had
a lien upon the lands which had been conveyed to Pfadenhauer,

Muller & Co., and he would naturally desire to retain that lien until the claim secured by that judgment had been paid. The agreement between him and the defendants obligated him to assign the judgment after the payment of the balance of $75, and the defendants could have enforced this obligation if he refused to comply with it; but we do not think that he was bound to execute or deliver the assignment until after they had performed their part of the agreement. For these reasons we think that the complaint was properly upheld as sufficient.

Interlocutory judgment affirmed, with costs.